

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: PETER D. BEKAKOS, | |
| Debtor | 2:09-cv-02047-RCJ-LRL |
| KEITH GALLIHER, | |
| Appellant, | **ORDER** |
| v. | |
| PETER D. BEKAKOS, | |
| Appellee. | |

Currently before the Court is an Appeal from the October 6, 2009 Order Regarding Sanctions For Keith Galliher, In re Bekakos, BK-S-05-26188, issued and entered by the Honorable Bruce A. Markell in the Bankruptcy Court for the District of Nevada. Upon review of the briefs filed before this Court and oral argument heard on July 6, 2010, the Court finds that the bankruptcy court's order was clearly erroneous and reverses the order in its entirety.

## BACKGROUND

On October 6, 2009, the Honorable Bruce A. Markell ("Judge Markell") issued an order sanctioning Appellant Keith Galliher ("Galliher") for violation of the Nevada Rules of Professional Conduct during a bankruptcy proceeding involving debtor Peter D. Bekakos ("Bekakos"). Galliher is an attorney licensed in the State of Nevada. According to Galliher, he has never been the subject of an ethics complaint during his 35 years of practice in Nevada.

///

On April 18, 2005, Bekakos was injured in a motor vehicle accident in Las Vegas, Nevada. Bekakos filed a personal injury claim as a result of the accident and was initially represented by attorney Aubrey Goldberg ("Goldberg"). At some point after the accident, Bekakos filed for bankruptcy protection. Bekakos' bankruptcy attorney was Layne F. Barney ("Barney"). Goldberg was offered the option of continuing his representation of Bekakos on the personal injury claim during the bankruptcy proceeding, but declined to do so.

Appellant Galliher was approached by David Colvin, attorney for Bankruptcy Trustee Stan Pack ("Trustee Pack"), to review the Bekakos file to determine whether Galliher would be interested in pursuing Bekakos' personal injury claim for the estate. After reviewing the file, Galliher agreed to pursue the claim. According to Galliher, this was the first time Galliher's office had been contacted by an attorney for a bankruptcy trustee to pursue a personal injury claim on behalf of an individual who had filed for bankruptcy protection prior to being a client of Galliher's.

After Galliher agreed to take the case, Galliher allegedly contacted Bekakos directly, without receiving Bekakos' bankruptcy attorney's prior consent, to obtain information about the personal injury case. Although Galliher was actually employed as special counsel for Trustee Pack, Galliher signed a contingency fee agreement with Bekakos to handle the personal injury claim.

According to Galliher, at their initial meeting, Galliher informed Bekakos that he represented the Bankruptcy Trustee in connection with the personal injury claim and did not represent Bekakos individually. Galliher stated that it was his understanding that Bekakos knew that his personal injury claim was the property of the bankruptcy estate. To support this claim, Galliher submitted letters Galliher wrote to the insurance company which stated that his client was Trustee Pack and which had been carbon copied to Bekakos. Despite this, Bekakos stated that he was not aware that Galliher was not his personal attorney, and that he did not understand that Galliher actually represented the Bankruptcy Trustee.

Galliher settled the personal injury claim for $75,000, which represented the available insurance policy limits of the at-fault driver. Judge Markell approved the settlement amount.

2

After the settlement was approved, Galliher sought compensation for his fees from the estate. Bekakos, in turn, filed an objection to the settlement of the personal injury claim. On February 26, 2009, following Bekakos' objection, Judge Markell issued an "Order to Show Cause Why Fees Charged by Layne F. Barney and Keith Galliher are Reasonable, as Required by 11 U.S.C. 329(b) and 330(1), and Why the Nevada Rules of Professional Conduct Have Not Been Violated." Judge Markell then issued an order sanctioning Galliher for failing to provide Bekakos with information that Galliher was not Bekakos' personal attorney. In the order granting sanctions, Judge Markell found that Galliher violated Nevada Rules of Professional Conduct 4.1, 4.2, and 4.3 and that Galliher had intentionally misrepresented his relationship to Bekakos. Judge Markell imposed a sanction in the sum of $1,600.00 to be paid to Bekakos by Galliher, and also ordered Galliher to attach a copy of the sanction order to any bankruptcy court motion for appointment of special counsel for the next two years.

Galliher now appeals the sanction order.

## DISCUSSION

A district court reviews a bankruptcy court's decision to impose sanctions for abuse of discretion. In re Brooks-Hamilton, 400 B.R. 238, 245 (9th Cir. 2009). "The bankruptcy court abuses its discretion if it bases its decision on 'an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" Id. (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed. 2d 359 (1990)). In other words, a district court should not reverse the bankruptcy court unless it has a "definite and firm conviction that it made a clear error in judgment." Id. (citing Valley Eng'rs, Inc. v. Electric Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)). A district court reviews the bankruptcy court's findings of fact in support of a disciplinary order for clear error. Id. A district court must accept the bankruptcy court's findings of fact unless it has a definite and firm conviction that a mistake has been committed. Id.

In this case, Judge Markell issued an order sanctioning Galliher for violations of the Nevada Rules of Professional Conduct, including Rule 4.2 which governs communications

with a person represented by counsel.[1] According to the sanction order, the bankruptcy court found "it almost inconceivable that Galliher did not know that Bekakos was a represented person when Bekakos was first contacted to come interview at Galliher's office. Even the least searching inquiry into the record or the court's docket would have revealed to Galliher that Bekakos was represented by an attorney." (Response to Opening Brief (#22) at 5). Moreover the bankruptcy court found that assuming Galliher did not actually know that Bekakos had retained a Chapter 7 attorney, Galliher would then be liable for violating Rule 4.3 which provides for how to deal with an unrepresented party.[2] According to the bankruptcy court, Galliher (or his staff, for whom Galliher is responsible) violated Rule 4.3 because he knew that Bekakos misunderstood Galliher's role in the matter and took no steps to correct the misunderstanding. Finally, the bankruptcy court found that Galliher violated Rule 4.1 of the Nevada Rules of Professional Conduct.[3] The bankruptcy court found that Galliher knowingly and willfully, and in bad faith, made a false statement of material fact to a non-client. According to the bankruptcy court, although it understood Galliher's need to secure a non-client debtor's assistance in pursuing a pre-petition personal injury claim, it stated that Galliher's methods exceeded the bounds of permissible advocacy: "The statements made to Bekakos and papers presented for Bekakos' signature seem calculated to secure his prompt compliance with requests for information, his attendance at meetings with Galliher's accident

---

[1] Rule 4.2 provides: "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."

[2] Rule 4.3 provides: "In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding. The lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such a person are or have a reasonable possibility of being in conflict with the interests of the client."

[3] Rule 4.1 provides: "In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person; or (b) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6."

reconstructionist, and his attendance at a deposition concerning the case, without regard to Bekakos' rights and interests."

Appellant Galliher argues that Judge Markell's order was in clear error because Galliher provided evidentiary support that Galliher informed Bekakos that he did not represent Bekakos individually. Galliher states that at the order to show cause hearing, Galliher appeared in person and answered all of Judge Markell's questions. Galliher stated that he also submitted his affidavit and Barney's affidavit (Bekakos' own attorney) which informed the bankruptcy court that Bekakos knew that Galliher represented the Bankruptcy Trustee and not Bekakos individually. In addition, Galliher states that his conduct in interviewing Bekakos does not constitute a violation of Rule 4.1 because there was no adversarial relationship between the parties. Rather, Galliher was attempting to ascertain the merits of the underlying personal injury suit which all parties understood belonged to the Trustee. Moreover, Bekakos' bankruptcy attorney, Barney, never objected to Galliher's interview of Bekakos. Finally, in his Reply brief, Galliher states that Judge Markell's ruling is directly contrary to the findings of the Nevada State Bar Association which conducted its own investigation upon the complaint of Bekakos. Galliher states that the Bar Association found no violation and dismissed the complaint.

In response, Bekakos states that the bankruptcy court's sanctions are justified by the record and should not be reversed. According to Bekakos, the bankruptcy court had ample evidence to conclude that Galliher failed to comply with the Nevada Rules of Professional Conduct. As to Rule 4.2, Bekakos states that Galliher knew that Bekakos was represented by a bankruptcy attorney because every bankruptcy petition lists the contact information for the debtor's attorney. In addition, Bekakos states that even if Galliher was willfully ignorant of the fact that Bekakos was represented by counsel, Galliher then violated Rule 4.3 because there was ample evidence that Bekakos did not understand the nature of his relationship with Galliher. As evidentiary support for this claim, Bekakos states that the contingency fee agreement he signed with Galliher stated that Bekakos was a "client." Bekakos can identify no other evidence that he was ignorant of the fact that Galliher had been retained by the

Trustee to represent the Estate rather than Bekakos, he was unaware that any award would flow to the Estate rather than himself, his involvement with Galliher was as a direct client rather than principal witness, or that Galliher's contact and interview as without the knowledge and consent of the Trustee or Bekakos' own attorney. Accordingly, there is no evidential basis for any finding that Galliher knowingly contacted a represented opposing party without consent of that party's attorney, let alone the rather strange finding that Galliher intended to misrepresent his relationship to Bekakos. The latter finding is not supported by anything in the record before the Bankruptcy Court.

In this matter, the Court finds that there is simply no evidentiary support for the Bankruptcy Court's sanction order and reverses that order in its entirety. Upon review of the evidence submitted before the Bankruptcy Court, it is clear that Judge Markell's decision was based on an erroneous view of the law and an erroneous assessment of the evidence. In this regard, Galliher's conduct in meeting with Bekakos and discussing Bekakos' personal injury claim does not constitute a violation of the Nevada Rules of Professional Conduct. The evidence shows that Galliher informed Bekakos from the outset that Galliher represented the bankruptcy trustee and not Bekakos individually. In addition, Galliher supplied documentary evidence, copied to Bekakos, that expressly states that Galliher represented the bankruptcy trustee in the personal injury matter. Moreover, the Court finds that there is no evidence to support the contention that Galliher intentionally misrepresented his role as attorney to the Bankruptcy Trustee to Bekakos. By sanctioning Galliher under these circumstances, the bankruptcy court made a clear error in judgment, and the order must be reversed.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Appellant Keith Galliher's Appeal from the October 6, 2009 Order Regarding Sanctions For Keith Galliher, In re Bekakos, BK-S-05-26188, is meritorious. That order is clearly erroneous and is reversed in its entirety.

DATED: This 26th day of July, 2010.

United States District Judge